CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

DEC 06 2016

JULIA C. DUDLEY, CLERK
BY: H McDonald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MICHAEL S. OWLFEATHER-GORBEY, ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> J. BOWLES, et al., ) <br> Defendants. ) | Civil Action No. 7:16-cv-00544 <br><br> MEMORANDUM OPINION <br><br> By: Hon. Jackson L. Kiser <br> Senior United States District Judge |

Michael S. Owlfeather-Gorbey[1], a federal inmate proceeding pro se, commenced this civil action pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 389 (1971), by November 14, 2016. At the onset of the action, the court permitted Plaintiff to apply to proceed in forma pauperis but advised Plaintiff that such permission would be rescinded if Plaintiff has had three prior cases dismissed as frivolous, malicious, or for failure to state a claim, pursuant to 28 U.S.C. § 1915(g).

Upon review of court records, it appears Plaintiff has had at least three non-habeas civil actions or appeals previously dismissed as frivolous, as malicious, or for failing to state a claim before filing this action. See Owlfeather-Gorbey v. Jackson, et al., No. 2:16-cv-00551, slip op. at 4 (E.D. Va. Sept. 22, 2016) (dismissed for failing to state a claim); Gorbey v. The State of Virginia, et al., No. 2:11-cv-00164, slip op. at 4 (E.D. Va. Mar. 17, 2011) (dismissed for failing to state a claim); Gorbey v. United States, et al., No. 2:08-cv-00121, slip op. at 3-4 (N.D. W. Va. July 7, 2010) (dismissed for failing to state a claim); see, e.g., Gorbey v. Fed. Bureau of Alcohol, Tobacco, Firearms, & Explosives, et al., No. 5:11-cv-00126, slip op. at 5-10 (N.D. W. Va. Mar. 14, 2012) (M.J., Seibert) (listing 25 cases that qualify as strikes); see also Coleman v. Tollefson, 135 S. Ct. 1759, 1763 (2015) (holding a "strike" dismissal is counted regardless to the timing of a

---

[1] Plaintiff's other moniker is Michael Steven Gorbey.

subsequent appeal); McLean v. United States, 566 F.3d 391, 399 (4th Cir. 2009) (dismissals without prejudice for frivolousness should not be exempted from 28 U.S.C. § 1915(g)).

After reviewing Plaintiff's submissions in this civil action, it is clear that Plaintiff does not allege any facts indicating that he is currently under any imminent threat of any serious physical injury within the meaning of 28 U.S.C. § 1915(g). See, e.g., Chase v. O'Malley, 466 F. App'x 185, 186 (4th Cir. 2012) (noting the prisoner must be seeking relief from and demonstrate a danger that is imminent at the time of filing the complaint); Pettus v. Morgenthau, 554 F.3d 293, 296 (2d Cir. 2009) (noting the complaint must reveal a nexus between the imminent danger it alleges and the claims it asserts to qualify for imminent-danger exception). Plaintiff's repeated reliance on the phrase "imminent danger" is an invocation of a label and conclusion that is not entitled to an assumption of truth. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

Plaintiff's complaint against the defendants concerns his alleged limited or no access to prison administrative remedies. He mentions as a consequence of not having access to prison administrative remedies that he "suffer[s] actual pain [and] injuries, denial of medical [and] medications[,] threats to my safety, being kept in flooded unsanitary cells days without shoes and weeks completely flooded[,] [and] staff harassments [and] misconducts [and] much, much more."[2] While Plaintiff alleged uncomfortable conditions of confinement and a lack of unspecific medications, he does not demonstrate that these allegations constitute an imminent threat of any serious physical injury within the meaning of 28 U.S.C. § 1915(g). See, e.g., Brown v Beard, 492 F. Supp. 2d 474, 479 (E.D. Pa. 2007) (holding prisoner's claim that inadequate diagnosis and treatment of medical conditions could lead to heart disease did not sufficiently allege that heart disease was impending or about to occur).

---

[2] Plaintiff noted in another action filed in this court, Owlfeather-Gorbey v. Bowles, No. 7:16-cv-00522, that he was kept in the flooded cell between August 18 and September 6, 2016.

Accordingly, I dismiss the action without prejudice for Plaintiff's failure to pay the filing fee at the time of filing the complaint and dismiss all pending motions as moot. See, e.g., Dupree v. Palmer, 284 F.3d 1234, 1237 (11th Cir. 2002) (reasoning that the filing fee is due upon filing a civil action when in forma pauperis provisions do not apply to plaintiff and that the court is not required to permit plaintiff an opportunity to pay the filing fee after recognizing plaintiff is ineligible to proceed in forma pauperis).

ENTER: This 6th day of December, 2016.

*Senior United States District Judge*